IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGININA
(Alexandria Division)

FILED
IN OPEN COURT
AUG − 9 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MARCUS S. MIAL )
)
Plaintiff, )
)
v. ) Civil Case # 1:11 -cv -921
)
JENNIFER A. SHERIN, et al., )
)
Defendants )

### Response to Counsel Motion to Withdraw

**1. Plaintiff no longer cooperates with his attorneys.**
- Plaintiff's last day of communication with Counsel was on the morning of June 22, 2012.
- Plaintiff had talked with Counsel on Monday, June 18 and Wednesday, June 20.
- Plaintiff was most concerned over the Continuance granted and the further delay of his trial.
- Plaintiff requested earlier trial date on June 20 and again on June 22, 2012.
- Counsel failed to disclose that two conferences had been held and that the trial had been extended by a day (trial now three days instead of two)
- Plaintiff learned more from the Clerk of Court/Matthew about his case then from Counsel on June 18, 2012.
- Counsel mislead Plaintiff regarding the day the actual hearing was on – told Friday, June 15 instead of Monday, June 18, 2012. Plaintiff and wife advised Counsel of willingness to participate on more than one occasion.
- Counsel required that Plaintiff pay $30K on Monday, June 18 in order to go forward with the trial.
- Then Counsel Bookkeeper sent email stating that Counsel required an additional $5K
- June 18, 2012 Counsel Stone stated that we would "suspend" everything until we receive the judge's order. This was also stated on May 31, 2012.

**2. Plaintiff has failed to fulfill his obligations to his attorney regarding the attorney's services and the failure continues after reasonable notice to him.**
- Counsel Stone has been paid for his services in the manner agreed upon and in a timely fashion in the amount of $298,681.30 since December 2011.
- Plaintiff is now without Counsel at a very critical period in the legal representation of his claim.
- Plaintiff has copies of the check stubs to prove otherwise
- Plaintiff has not paid Counsel for June invoice or July
- Plaintiff was believes that this case should not have cost approximately $300K
- Plaintiff also had to pay $14K for Psychologist

1

- Plaintiff paid approximately $50K to previous attorney
- Plaintiff paid approximately $12K to Criminal attorney
- Plaintiff has an excellent track record of paying his obligations.

**3. Trial has been set for October 9-11, 2012. Plaintiff refuses to prepare with his attorneys.**
- Plaintiff has been most cooperative in meeting with his attorney.
- Each occasion Counsel required a meeting with Plaintiff, Plaintiff and or his wife complied even to the possible detriment of losing their job.
- Plaintiff can bring his boss to testify on how this has affected the Plaintiff.
- Plaintiff has been so distraught over this case, Plaintiff almost quit his job. Plaintiff boss can testify to this.

**4. Counsel for Plaintiff has observed and fulfilled all requirements of the Virginia Rules of Professional Conduct, Rule 1.16.**
- Each time Plaintiff has gone in to meet with Counsel Stone, Plaintiff was kept waiting 15 minutes, 30 minutes, 60 minutes up to 2.5 hours on two occasions before Plaintiff would actually meet with Counsel.
- Counsel was late to his own appointments approximately 90% of the time.
- Counsel was even late to some of the depositions.
- Plaintiff has been denied due process to rebut allegations asserted by Counsel Stone.
- Plaintiff has no representation or legal recourse to effective representation.
- Counsel's behavior has been less than professional leading up to his motion to withdrawal, and clearly intended to deceive the Court with his justifications for withdrawal.
- December 9, 2011 - Plaintiff had to file his own amended complaint.
- Plaintiff believes Counsel made excessive charges to Plaintiff.
- Counsel agreed that if a continuance was granted that everything would be put on hold immediately to prevent any additional costs.
- June 7, 2012 - Counsel had Dr. Edwin N. Carter, Clinical Psychologist/Neuropsychologist call Plaintiff to advise him that additional resources were needed to further investigate his medical background. Counsel and Dr. Carter wanted to talk with Plaintiff's Primary Care Physician, Cardiologist, and Emergency Care. This concerned Plaintiff since the June 25th trial was less than three weeks away and Counsel was just starting to talk with these witnesses. Plaintiff had provided all of his critical witness information to Counsel Stone and prior Counsel Glasberg in the early stages of representation when initially requested and in both instances nothing was done with it.
- Plaintiff was further concerned that Counsel never called any of his witnesses. Plaintiff had to advise Counsel that he should call the witnesses (again just weeks from the June25th trial) agreed upon months earlier. Counsel collected critical information, but did not act upon it. Under no circumstances were these actions and failures to act carefully, fully, and effectively explained to Plaintiff in a reasonable fashion.

**5. Plaintiff has endorsed a Consent Order Granting Leave to Withdraw as Counsel.**
- Plaintiff endorsed Consent when the Retainer agreement was signed
- Plaintiff signed the Withdrawal Order and dated the document, December 4, 2011. Counsel required that Plaintiff re-sign the Withdrawal Order without affixing a date.
- Plaintiff can provide evidence.

### *Response to Counsel's response on Motion to Reconsider:*

Plaintiff will file this with the Court today or this morning.

Not given adequate time to submit to the Court. Plaintiff received Counsel Stone response on Monday evening. Plaintiff works full time. Plaintiff had less than a day to respond. Does not seem just, fair or equitable.

All allegations are new to Plaintiff.

Allegations are inaccurate.

Plaintiff will gladly respond to any Counsel's assertions fully at the direction of the Court.

Plaintiff authorizes Counsel to disclose whatever privileged or attorney-client information he believes that is so damaging. Plaintiff wants to hear it and the Court should hear it.

In Plaintiff original change of lawyers Counsel was fully aware of what his concerns were. As a matter of fact Counsel was sent an email outlining some of his concerns with previous Counsel.

Plaintiff was depressed and was having a difficult time functioning. Plaintiff almost quit his job. Plaintiff had to refocus his attention on the job if he did not wish to lose it.

Plaintiff will provide evidence of payments.

Counsel never provided Plaintiff change to date for the Motion of Continuance from June 15, 2012 to June 18, 2012. When did this conference call take place?

Former Counsel was attempting to get Plaintiff to settle after the third deposition. Former Counsel had Plaintiff case in January 2011. Former Counsel did not file original complaint until August 2011 and then Withdrew in November 2011.

When Counsel accepted this case only he could determine what his caseload was and if it were manageable.

3

This is a case of First Instance and significantly important.

Counsel Withdrawal is based upon Plaintiffs attitude.

Given the amount of money Plaintiff has spent, approximately $300K this has affected Plaintiff's ability to provide for Plaintiff's family, threatened Plaintiff's Top Secret Clearance, Plaintiff's job, kid's education etc...

Plaintiff deserves to be a fully informed Client.

Counsel needs to make sure that Plaintiff understands anything regarding Plaintiff's case.

It is not acceptable for Counsel to drop the case at this critical stage.

Plaintiff's case is a good case.

Counsel got out because he wanted to be paid and realized that Plaintiff had exhausted all of his financial resources.

Both Counsels took a large amount of money away from Plaintiff.

Plaintiff has sacrificed financial security of his family.

Plaintiff had to make time to make sure that Plaintiff's employer was informed and that this was not going to impact Plaintiff's job. Plaintiff had to return his attention back to his job to keep his job. Many changes are occurring on the job. Plaintiff just started this job on December 19, 2011. This case has taken a lot of time from Plaintiff's job.

There is significant merit to what Plaintiff was saying all along about the case.

Counsel wants Plaintiff to drop this case. Counsel was pressuring Plaintiff to settle this case.

Counsel does not answer questions fully.

Plaintiff can't hire another attorney.

This is an important Constitutional issue and Counsel is walking away.

Respectfully Submitted,

Marcus S. Mial
20010 Palmer Classic Parkway
Ashburn, Virginia 20147