INSTRUCTION NO. 1

Now that you have heard the evidence, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them, from the evidence in this case. Do not single out instructions as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duty as juror without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 2

Plaintiff, Marcus Mial, claims damages sustained as a result of deprivation, under color of state law, of a right secured to him by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, Mr. Mial alleges that the defendants deprived him of his rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right not to be subjected to an unreasonable entry into his home or the use of excessive force.

INSTRUCTION NO. 3

Mr. Mial has the burden in a civil action, such as this, to prove the essential elements of his claim by a preponderance of the evidence. Preponderance of the evidence means the greater weight of the evidence.

## INSTRUCTION NO. 4

The greater weight of all the evidence is that evidence which you find more persuasive.

The testimony of one witness whom you believe can be the greater weight of the evidence.

INSTRUCTION NO. 5

In this case, Marcus Mial claims that Defendants, while acting under color of law, intentionally deprived him of his rights under the United States Constitution. Specifically, Marcus Mial claims that Defendants, while working as members of the Loudon County Sheriff's Office, intentionally committed acts that violated Marcus Mial's constitutional right not to be subjected to an unreasonable warrantless entry into one's home and to be free from use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to an unreasonable warrantless entry into one's home and to be free from use of excessive or unreasonable force during an arrest.

A person may sue in this court for an award of money damages against anyone who, under color of law, intentionally violates the person's rights under the United States Constitution.

To succeed on this claim, Marcus Mial must prove each of the following facts by a preponderance of the evidence.

First, that Defendants intentionally committed acts that violated Plaintiff's Fourth Amendment right not to be subjected to an unreasonable warrantless entry into one's home;

Second, that Defendants acted under color of law; and

Third, that Defendants' conduct caused Plaintiff's injuries.

Marcus Mial claims that there was an unreasonable warrantless entry into his home. The Constitution protects against unreasonable searches. The general rule is that a law enforcement official must get a search warrant from a judicial officer before entering and conducting a search of any home. But there are certain exceptions to this general rule. One exception is law enforcement officers may reasonably and lawfully conduct the search in emergency situations in

5

which a law enforcement officer may enter and make a safety inspection for the purpose of ensuring or protecting others' well-being. But the officer must have a reasonable and good-faith belief that there is a serious and imminent threat to an occupant's safety.

Marcus Mial claims that Defendants used excessive force when arresting him. Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even if the arrest is otherwise lawful. But in making a lawful arrest, an officer has the right to use reasonably necessary force to complete the arrest. Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, and whether the suspect resists or flees.

You must decide whether the force Defendants used in making the arrest was excessive based on the degree of force a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances. Defendants' underlying intent or motivation is irrelevant.

In determining whether the force, if any, was "excessive," you must also consider: the need for the application of force; the relationship between the need and the amount of force that was used and the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain and rapidly changing.

For the second element, the parties have agreed that Defendants acted under color of law. So you should accept that as a proven fact.

For the third element, Defendants' conduct caused Mr. Mial's injuries if Mr. Mial would not have been injured without Defendants' conduct, and the injuries were a reasonably foreseeable consequence of Defendants' conduct.

If you find in Mr. Mial's favor with respect to each of the facts that he must prove, you must decide the issue of Mr. Mial's compensatory damages. To recover compensatory damages Mr. Mial must prove by a preponderance of the evidence that he would not have been damaged without Defendants' conduct, and the damages were a reasonably foreseeable consequence of Defendants' conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Mial's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Defendants. And you must not base these compensatory damages on speculation or guesswork.

To determine whether and how much Mr. Mial should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury—tangible and intangible. Mr. Mial does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mr. Mial has proved them by a preponderance of the evidence, and no others:

a. The reasonable value of medical care and supplies that Mr. Mial reasonably needed and actually obtained, and the present value of medical care and supplies that Mr. Mial is reasonably certain to need in the future;

7

b. Mr. Mial's physical injuries, including ill health, physical pain and suffering, disfigurement, discomfort, and any such physical harm that Mr. Mail is reasonably certain to experience in the future; and

c. Mr. Mial's mental and emotional distress, impairment of reputation, personal humiliation, and any related harm that Mr. Mial is reasonably certain to experience in the future.

**Punitive Damages**: Mr. Mial also claims that Defendants' acts were done with malice or reckless indifference to Mr. Mial's federally protected rights, which would entitle Mr. Mial to an award of punitive damages in addition to compensatory damages. Mr. Mial must prove by a preponderance of the evidence that he is entitled to punitive damages.

If you find for Mr. Mial and find that Defendants acted with malice or reckless indifference to Mr. Mial's federally protected rights, the law allows you, in your discretion, to award Mr. Mial punitive damages as a punishment for Defendants and as a deterrent to others.

A defendant acts with malice if his conduct is motivated by evil intent or motive. A defendant acts with reckless indifference to the protected federal rights of Mr. Mial when the defendant engages in conduct with a callous disregard for whether the conduct violates Mr. Mial's protected federal rights.

You may also assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts.

8

INSTRUCTION NO. 6

"Maliciously" means intentionally injuring another without just cause or reason. To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent.

INSTRUCTION NO. 7

To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident.

INSTRUCTION NO. 8

A law enforcement officer may not enter a home without a warrant to investigate whether an emergency exists. The officer must have facts available to him or her prior to entering without a warrant to create a reasonable belief that an emergency exists before the officer may make warrantless entry.

INSTRUCTION NO. 9

The existence of exigent circumstances sufficient to justify warrantless entry into a home must be determined as of the moment of the warrantless entry of the officers onto the premises.

INSTRUCTION NO. 10

Generalized suspicion is never sufficient to justify warrantless entry into a home.

INSTRUCTION NO. 11

A homeowner has the right to decline entry to his home.  If an unauthorized person enters

the home, the homeowner may use reasonable force to resist entry.

INSTRUCTION NO. 12

It is not a defense to liability that an officer was merely following orders. Each officer must evaluate the constitutionality of their actions in the face of orders from a supervisor. In such cases, officers may be held liable for their actions if there is a reason why they should question the validity of that order. Thus, if an officer receives an order he has reason to believe violates the Constitution, and he nonetheless carries out that order, he is liable.

INSTRUCTION NO. 13

Local General Orders from the Loudon County Sherriff's Office have been admitted into evidence to give the members of the jury information about the training and procedures law enforcement officers were given by Loudon County in connection with their duties.

The Fourth Amendment to the United States Constitution is the standard under which you should evaluate Plaintiff's claims and Defendants' conduct.

Information about the Local General Orders is to be considered in evaluating the objective reasonableness of the law enforcement officers' actions under the Fourth Amendment. Deviation from or not following Local General Orders is not, in of itself, a Fourth Amendment violation. However, the jury must measure the law enforcement officers' conduct by the Fourth Amendment.

INSTRUCTION NO. 14

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer may be.

INSTRUCTION NO. 15

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your member of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objections or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

18

INSTRUCTION NO. 16

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 17

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

INSTRUCTION NO. 18

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all of the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

INSTRUCTION NO. 19

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.

INSTRUCTION NO. 20

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

INSTRUCTION NO. 21

The burden is on the Plaintiff, Marcus Mial, to prove, by the greater weight of the evidence, each item of damage he claims and to prove that each item was caused by the defendants. He is not required to prove the exact amount of his damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the Plaintiff fails to do so, then he cannot recover for that item.

INSTRUCTION NO. 22

If you find a police officer violated more than one of Mr. Mial's rights, Mr. Mial is entitled to be compensated only for the injuries he actually suffered. Thus, if the police officer violated more than one plaintiff's rights, but the resulting injury was no greater than it would have been had the police officer violated one of those rights, you should award an amount of compensatory damages no greater than you would award if the police officer had violated only one of the plaintiff's rights.

If the police officer violated more than one of plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate Mr. Mial for the separate injuries he has suffered.

If Mr. Mial has failed to prove his claims, no damages may be awarded.

INSTRUCTION NO. 23

If you find in favor of plaintiff Marcus Mial, then you must award him such sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained as a direct result of Jennifer A. Sherin, Nathan Ferguson, Brian Sayre and Nicholas Alton's alleged conduct.

If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants.

INSTRUCTION NO. 24

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey, in any way or manner, any suggestion or hint as to the verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Bear in mind that you are never to reveal to any person- not even to me- how the jury stands, numerically or otherwise, on the questions before you until after you have reached a unanimous verdict.

INSTRUCTION NO. 25

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTRUCTION NO. 26

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

INSTRUCTION NO. 27

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then consult with one another, and deliberate with a view to reach an agreement, if you can do so without disregard of individual judgment.

Your verdict must be unanimous. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your views, and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website, or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or

anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials; and do not make any investigations or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restriction jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.