IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MARCUS MIAL, | : | |
| Plaintiff | : | |
| v. | : | Case No.:  1:11-cv-921 |
| JENNIFER A. SHERIN, et al., | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO ALTER JUDGMENT AND
TO STAY EXECUTION OF THE JUDGMENT**

COME NOW the Defendants, Jennifer Sherin, Nathan Ferguson, and Brian Sayre, by and through their counsel, Alexander Francuzenko, Esq., Broderick C. Dunn, Esq., and the law firm of Cook, Craig & Francuzenko, PLLC, and hereby file this Memorandum and Points of Authority in Support of Defendants' Motion to Alter Judgment and to Stay Execution of the Judgment and, in support thereof, state the following:

**STANDARD OF REVIEW**

In situations where a court is requested to amend a judgment, the Fourth Circuit has made it clear that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002)(quoting *Collison v. International Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)).  The purpose of a Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pacific Ins. Co. v. Am. Nat'l Fire Ins.*

*Co.*, 148 F.3d 396, 403 (4th Cir. 1998)(quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

## ARGUMENT

I. **The Compensatory Damages for the Unreasonable Warrantless Entry Are Either Duplicative or Excessive**

This Court should alter the jury's compensatory damage awards against Sherin and Ferguson for unreasonable entry because such awards are duplicative, excessive and represent a clear error of law that would result in a manifest injustice if allowed to stand. "A basic principle of compensatory damages is that an injury can be compensated only once." *Bender v. City of New York*, 78 F.3d 787, 793 (2d Cir. 1996); *see also McCune v. Xerox Corp.*, 225 F.3d 654 (4th Cir. 2000) ("Where a plaintiff seeks recovery for the same damages under different legal theories, only a single recovery is allowed" quoting *Conway v. Icahn & Co.,* 16 F.3d 504, 511 (2d Cir. 1994)); *Garshman Co. v. Gen. Elec. Co.*, 176 F.3d 1, 5 (1st Cir. 1999) ("A plaintiff is not entitled to duplicative damages; it may recover only the amount of damages it actually suffered"). As a result, "once an award of damages has been determined for an injury, there may not be additional compensatory damages for that same injury from two or more defendants." *Id*.

Here, the jury made two separate awards of $225,000.00 against Defendants Sherin and Ferguson for Plaintiff's claim that they violated Plaintiff's Fourth Amendment rights based on the same unreasonable search and seizure by a warrantless entry. In comparison to the award of $146,000.00 against a single defendant for use of excessive force against, it appears highly likely that the award of $450,000.00 for the single injury of unreasonable warrantless entry has been artificially inflated by duplication. Accordingly, there is a clear error of law and the award should be amended.

If the jury did in fact intend to award the aggregate sum of $450,000.00 for the entry of Plaintiff's home by Sherin and Ferguson, then, in comparison to the award of $146,000.00 for use of excessive force, the award is excessive. Generally, "[t]he decision as to whether damages are excessive and should be subject to remittitur is entrusted to the sound discretion of the district court…" *Robles v. Prince George's Cnty., Maryland*, 302 F.3d 262, 271 (4th Cir. 2002) (quoting *Cline v. Wal–Mart Stores,* 144 F.3d 294, 305 (4th Cir. 1998)) (internal quotation marks omitted). Furthermore, District courts may remit a jury award that is "inconsistent with the similarly situated federal cases and is not proportional to actual injury incurred" by the plaintiff. *Bennett v. Fairfax Cnty., Va.*, 432 F. Supp. 2d 596, 604 (E.D. Va. 2006); *see also Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001) (internal citations omitted) ("A substantial award of compensatory damages like [plaintiff's] must be proportional to the actual injury incurred and must focus on the real injury sustained"); *Thomas v. Kelly*, 903 F. Supp. 2d 237, 262 (S.D.N.Y. 2012) ("In making this determination, courts have reviewed awards in other cases involving similar injuries, bearing in mind that any given judgment depends on a unique set of facts and circumstances" (quoting *Scala v. Moore McCormack Lines,* 985 F.2d 680, 684 (2d Cir. 1993) (internal quotations marks omitted)).

Courts in the Fourth Circuit and across the country have awarded nominal damages when defendants, like Sherin and Ferguson, have been found liable for illegal entry. *See*, *Gregg v. Ham*, 678 F.3d 333, 343 (4th Cir. 2012) (affirming jury awarded of nominal damages for Fourth and Fourteenth Amendment violations despite a $50,000.00 award for plaintiff's assault claim); *McCollum v. McDaniel*, 32 F. App'x 49, 51-52 (4th Cir. 2002) (unpublished) (affirmed the jury verdict finding defendants liable for $1.00 for an unlawful entry and the remittitur which lowered the damages for use of excessive force, which among other things caused the plaintiff to lose an

eye, to $1,597,670.00); *Kane v. Lewis*, No. 14-1027, 2015 WL 1089007, at *1 (4th Cir. Mar. 13, 2015) (unpublished) (vacated award of $250,000.00 and remanded for entry of nominal damages in the amount of one dollar for violation of an illegal entry resulting from the failure to "knock-and-announce"); *George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992) (affirming award of nominal damages for illegal warrantless entry); *Buss v. Quigg*, 91 F. App'x 759, 760 (3d Cir. 2004) (Plaintiffs awarded nominal damages of one dollar for unlawful entry claim); *Cartwright v. Stamper*, 7 F.3d 106, 107 (7th Cir. 1993) (jury awarded nominal damages of one dollar for unlawful entry); *Hathcock v. Cohen*, 547 F. Supp. 2d 1271, 1280 (S.D. Fla. 2008) (nominal damage award of $1.00 warranted for illegal entry into plaintiff's home without a warrant).[1]

Based on the foregoing decisions, the jury's award of $450,000.00 for entry of Plaintiff's home by Sherin and Ferguson is patently excessive and allowing it to stand would represent manifest injustice. During the trial of the above-styled matter, nearly all of Plaintiff's testimony about damages stemmed from the pain, both physical and emotional, that Plaintiff allegedly endured as a result of being tased by Sayre, brutally beaten by Sherin, Ferguson and Sayre, and being tightly handcuffed by Sherin. Plaintiff testified that his physical injuries, especially those sustained when he was tased, caused him to have chest pain, recurring nightmares and anxiety. The jury found Sayre, the deputy who admitted to employing a taser to subdue Plaintiff, liable for excessive force and awarded compensatory damages in the amount of $146,000.000. Neither Sherin nor Ferguson were found liable for using excessive force after Plaintiff accused them of handcuffing and viciously beating them. There are simply no facts to support the award of $450,000.00, a figure which is more than triple the $146,000.00 excessive force award against

---

[1] The Court denied Defendants' request for a nominal damages instruction, which potentially is an appealable issue.

Sayre, for the same entry of Plaintiff's house by Sherin and Ferguson. To the contrary, there was no testimony about any damages to Plaintiff's property or person related to the entry itself rather than Plaintiff's excessive force claims.

## II.     The Evidence Does Not Support Punitive Damages

The evidence and testimony presented at trial does not support punitive damages against Sherin and Ferguson for unreasonable search and seizure by warrantless entry nor does it support punitive damages against Sayre for excessive force. Punitive damages are only available in § 1983 actions for conduct that involves **reckless or callous indifference to the federally protected rights of others, as well as for conduct motivated by evil intent**. *See Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987) (citing *Smith v. Wade,* 461 U.S. 30, 56, (1983)) (internal quotation marks omitted)(emphasis added). Moreover, the determination that a constitutional right has been clearly violated does not automatically reveal that there was "reckless or callous indifference" to that right. *See McCardle v. Haddad*, 131 F.3d 43, 53 (2d Cir. 1997) (rejecting the argument that the "violation of clearly established Fourth Amendment principles . . . "*ipso facto* revealed reckless or callous indifference" to the plaintiff's rights); *Lavicky v. Burnett*, 758 F.2d 468, 477 (10th Cir. 1985) ("Simple ignorance of the applicable legal rules, even arrogant ignorance, does not by itself indicate reckless or callous indifference to federally protected rights"). "Punitive damages are therefore available only if the violator knew or recklessly disregarded whether his conduct was prohibited by federal law." *Ames v. Brown*, No. 05-6389, 2006 WL 1875374, at *3 (10th Cir. July 7, 2006) (citing *Wulf v. City of Wichita,* 883 F.2d 842, 867 (10th Cir. 1989)).

In this case, there was absolutely no evidence that Defendants knew or recklessly disregarded whether their conduct was prohibited by federal law. Sherin and Ferguson both

testified that they entered Plaintiff's home based on their belief that there were exigent circumstances and that a superior officer told them to.  Similarly, there was no evidence or testimony that Sayre's use of his taser on Plaintiff was motivated by malice or ill intent nor was there any evidence that Sayre knew or recklessly disregarded whether his use of force was excessive.  Accordingly, the jury's award of punitive damages against Defendants was a mistake of law and it would be a manifest injustice to allow the award to stand.

### III.     The Judgment Should Be Stayed Pending Resolution of Defendants' Motion

Plaintiff's judgment in the above-styled matter should be stayed pending the Court's consideration of Defendants' Motion to Alter Judgment and to Stay Execution of the Judgment. "[T]he court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of…" a Rule 59 motion for a new trial or to alter or amend a judgment. Fed.R.Civ.P. 62(b)(3).  Aside from the Federal Rules of Civil Procedure empowering the Court to grant Defendants such relief, Plaintiff would not be prejudiced while the execution of the judgment is stayed.  The jury's award against Defendants does not exceed the limits of Defendants' indemnity under the Risk Plan indemnifying the Defendants.  Accordingly, there is no risk that the judgment will not be satisfied should the Court deny Defendants' motion.

### CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their Motion to Alter and to Stay the Execution of the Judgment pending the Court's decision on this motion, and grant Defendants such other and further relief as the Court deems necessary and proper.

6

Respectfully submitted,

_____/s/_____
Alexander Francuzenko  (VA Bar #36510)
Broderick C. Dunn (VA Bar #74847)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
alex@cookcraig.com
bdunn@cookcraig.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a copy of the foregoing Memorandum and Points and Authorities in Support of Defendants' Motion to Alter Judgment and to Stay Execution of the Judgment, via ECF Transmission and U.S. Mail, postage prepaid, this the 27th day of April, 2015 to:

Thomas K. Plofchan, Jr., Esquire
Whitney L. Lawrimore, Esquire
Westlake Legal Group
46175 Westlake Drive, Suite 320
Potomac Falls, VA 20165
(703) 406-7616 (office)
(703) 444-9498 (fax)
plofchan@westlakelegal.com
wlawrimore@westlakelegal.com
*Counsel for Plaintiff*

                                            _____/s/_____
                                            Alexander Francuzenko  (VA Bar #36510)
                                            Broderick C. Dunn (VA Bar #74847)
                                            Cook Craig & Francuzenko, PLLC
                                            3050 Chain Bridge Road, Suite 200
                                            Fairfax, VA  22030
                                            (703) 865-7480 (office)
                                            (703) 434-3510 (fax)
                                            alex@cookcraig.com
                                            bdunn@cookcraig.com
                                            *Counsel for Defendants*